| | |
|---|---|
| ORTIZ & ORTIZ, L.L.P. | Presentment Date and Time: |
| 287 Park Ave. South, Ste. 728 | Nov. 5, 2022 at 3:00 p.m. |
| New York, New York   10010 | |
| Norma E. Ortiz | Objections Due: |
| Tel. (718) 522-1117 | Oct. 30, 2022 at 3:00 p.m. |

*Proposed Counsel to the Debtor*
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re

BAOBURG, INC.,                                                          22-41860-ess

                                Debtor                                           Chapter 13
--------------------------------------------------------x

## NOTICE OF PRESENTMENT OF MOTION TO EMPLOY ORTIZ & ORTIZ LLP AS COUNSEL TO THE DEBTOR

**PLEASE TAKE NOTICE** that upon the annexed Motion of Ortiz & Ortiz, L.L.P., for an Order Permitting Debtor to Employ the firm as its counsel, the undersigned will present the Motion and proposed order to the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, 271 Cadman Plaza East, Brooklyn, New York 11201 for signature on November 7, 2022, at 3:00 p.m.

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed order, with proof of service, is filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers by October 30, 2022, at 3:00 p.m., there will not be a hearing and the order may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely filed, the Court will notify the moving and objecting parties of the date and time of the hearing and of the moving party's obligation to notify all other parties entitled to receive notice.  The moving and objecting parties are required to attend the hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

Dated: Oct. 6, 2022
New York, New York

                                                            *S/Norma E. Ortiz*
                                                            Norma E. Ortiz, Esq.
                                                            Ortiz & Ortiz, L.L.P.
                                                            32-72 Steinway Street. Ste. 402
                                                            Astoria, New York   11103
                                                            Tel. (718) 522-1117
                                                            *Proposed Counsel for the Debtor*

ORTIZ & ORTIZ, L.L.P.
287 Park Avenue South, Suite 728
New York, New York 10010
Tel. (718) 522-1117
Fax (718) 596-1302
email@ortizandortiz.com
Norma E. Ortiz, Esq.
*Proposed Attorneys for the Debtor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
In re

BAOBURG INC.,

Case No. 22-41860-ess

Sub Ch. V Chapter 11

Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY CODE SECTION 327(a) AUTHORIZING THE EMPLOYMENT OF ORTIZ & ORTIZ L.L.P. AS DEBTOR'S COUNSEL

TO THE HONORABLE ELIZABETH STONG,
UNITED STATES BANKRUPTCY JUDGE:

Baoburg Inc. (the "Debtor"), by its proposed attorneys Ortiz & Ortiz, L.L.P. ("O & O"), respectfully represents:

### BACKGROUND

1. The Debtor filed a voluntary chapter 11 petition on August 1, 2022 the "Petition Date"). The Debtor remains in possession with the authority to operate its business pursuant to 11 U.S.C. §§1107 and 1108.  Jolene E. Wee was appointed as the Sub. V Trustee in this case.

2. The Debtor operates a restaurant located in the Greenpoint area of Brooklyn. Its bankruptcy filing was caused by the loss of income it suffered during the COVID-19

business shut-down and the costs associated with defending against two lawsuits brought by former employees. The Debtor is operating and is current with its lease obligations. The Debtor believes it can successfully reorganize its business.

3. The Debtor entered into a retainer agreement with O & O on August 1, 2022. The retainer agreement was conditioned upon the Debtor's payment of a $10,000 classic retainer and the Court's approval of the firm's retention. The retainer was paid by the Debtor.

## JURISDICTION

4. The United States Bankruptcy Court for the Eastern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory bases for the relief requested herein are Bankruptcy Code Sections327 and 328, Federal Rules of Bankruptcy Procedure 2014 and 2016, and Local Bankruptcy Rule 2014-1.

## RELIEF REQUESTED

6. Subject to the Court's approval, the Debtor has retained O & O as its bankruptcy counsel to prosecute and complete its Chapter 11 case. Pursuant to 11 U.S.C. § 327(a), the Debtor requests that the Court approve the employment of O & O as its attorneys to perform the legal services necessary to consummate its Chapter 11 case. Since O & O began rendering services prior to the Petition Date, O & O requests that the Court authorize its retention as of the Petition Date.

7. O & O anticipates rendering the following services to the Debtor:

    (a) perform all necessary services as Debtor's counsel that are related to

theDebtor's reorganization and the bankruptcy estate;

(b) assist the Debtor in protecting and preserving the estate assets during the pendency of the Chapter 11 case, including the prosecution and defense of actions and claims arising from or related to the estate and/or the Debtor's reorganization;

(c) prepare all documents and pleadings necessary to ensure the proper administration of its case; and

(d) perform all other bankruptcy-related necessary legal services.

8. The Debtor believes that O & O is qualified to represent its interest and the interests of the estate. Norma E. Ortiz, the partner responsible for the case, has over thirty-five years of Chapter 11 bankruptcy law experience in the public and private sectors. O & O is willing to act in this case and render the necessary professional services as attorneys for the Debtor.

9. As set forth in the Declaration of Norma E. Ortiz annexed hereto as Exhibit A, O& O asserts that it does not hold or represent an interest adverse to the Debtor's estate in the matters upon which O & O is to be employed, and O & O is "disinterested" as the term is defined in the Bankruptcy Code Section 327.

10. O & O shall apply to the Court for the allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the local rules and orders of the Court. Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules and the local rules and orders of the Court, the Debtor proposes to pay O & O its customary hourly rates as set forth in Norma E. Ortiz's Declaration and submits that such rates are reasonable.

11. The terms of the retainer agreement are described in Exhibit B, and include hourly rates of no more than $400 an hour for partners, $375 an hour for contract attorneys and attorneys serving as of-counsel to the firm, and $175 an hour for paralegal services. The retainer agreement entered into by the Debtor and O & O provides that O & O received a classic retainer in the amount of $10,000. Such a retainer is earned when paid but is subject to the restrictions of the applicable provisions of the Bankruptcy Code, such as Sections 328, 329, 330 and 331, and the Federal Rules of Bankruptcy Procedure. O & O asserts that the terms of the retainer agreement, and the proposed terms of the firm's retention, are customary and reasonable under the circumstances of this case.

12. No previous application for the relief requested herein has been made to this orany other court.

WHEREFORE, the Debtor respectfully requests the entry of an order substantially in the form of the prefixed order granting the relief requested herein and such other and further relief asis just.

Dated: September 19, 2022
New York, New York

/s/Suchanan Aksornnan
Baoburg Inc., President

/s/Norma Ortiz
Norma E. Ortiz
Ortiz & Ortiz, L.L.P.
287 Park Ave. South, Ste.728
New York, New York 10010
Tel. (718) 522-1117

**EXHIBIT A**

**DECLARATION OF NORMA E. ORTIZ**

ORTIZ & ORTIZ, L.L.P.
287 Park Avenue South, Suite 728
New York, New York 10010
Tel. (718) 522-1117
Fax (718) 596-1302
email@ortizandortiz.com
Norma E. Ortiz, Esq.
*Proposed Attorneys for the Debtor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
In re

BAOBURG INC.,

                Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Case No.: 22-41860-ess

Sub Ch. V Chapter 11

## DECLARATION AND DISCLOSURE STATEMENT OF NORMA E. ORTIZ, ESQ.,IN SUPPORT OF APPLICATION FOR RETENTION OF <u>ORTIZ & ORTIZ, L.L.P. AS ATTORNEYS FOR THE DEBTOR.</u>

Norma E. Ortiz, states as follows:

1. I am an attorney at law admitted to practice before this Court and a member of the firm Ortiz & Ortiz, L.L.P ("O & O").

2. I am the partner primarily responsible for the Debtor's case. I have been involved in numerous reorganization and consumer bankruptcy cases over the last 30 years and possess the requisite experience and qualifications to serve as Debtor's counsel.

3. My firm has agreed to bill the Debtor at an hourly rate of $400 an hour for partners and $375 an hour and below for associates and attorneys serving as of counsel to my firm. We bill $175 an hour and below for paralegal services. I bill non-bankruptcy

clients between $350 and $475 an hour, depending upon – among other things – the complexity of the matter. Photocopying charges are only billed to the estate when a large copying job is required and are billed at the rate of five cents a page or the rate charged by the vendor. Any costs incurred by third party vendors will be billed to the estate at O & O's cost.

4. The Debtor has consented to our retention under a classic retainer under these terms.

5. I know of no reason why O & O is not qualified to represent the Debtor in this case. The firm had no prior connection to the Debtor or its shareholder before it was first consulted regarding the Debtor's financial difficulties.

6. I reviewed my database of clients and conducted a conflicts search to ensure that my firm is qualified to serve as Debtor's counsel. Based upon that review, to the best of my knowledge, neither I or O & O has any connection with the Debtor, its creditors or any other parties-in-interest, or their respective attorneys and accountants. I was formerly employed by the Office of the United States Trustee for the Southern District of New York (the "United States Trustee") over 20 years ago: I have no other connection with the Office or any person employed by the United States Trustee.

7. Any post-petition payments of compensation will be made pursuant to, among other things, the applicable Bankruptcy Code provisions and the Federal Rules of Bankruptcy Procedure. Moreover, my firm is fully aware that all fees received as compensation for services to the Debtor is subject to the Court's approval for, among other things, reasonableness regardless of the source of funds paid to my firm.

8.  My firm has not agreed to share compensation with any other person or entity.

I declare under the penalty of perjury that the foregoing is accurate and correct.

Dated:   September 19, 2022
         New York, New York

> */s/Norma Ortiz*
> Norma E. Ortiz
> Ortiz & Ortiz, L.L.P.
> 287 Park Ave. South, Ste. 728
> New York, New York 10010
> Tel. (718) 522-1117

**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
In re

BAOBURG INC.,

Case No. 22-41860-ess

Sub Ch. V Chapter 11

Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### ORDER PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT OF ORTIZ & ORTIZ, L.L.P. AS ATTORNEYS FOR THE DEBTOR

Upon the application (the "Application") of Baoburg Inc. (the "Debtor"), as debtor and debtor in possession, dated October 13, 2022, for entry of an order pursuant to 11 U.S.C. § 327(a) authorizing and approving the employment of Ortiz & Ortiz, L.L.P. ("O & O") as its attorneys; upon the Declaration of Norma E. Ortiz, Esq., a partner of the firm of O & O; it appearing that the members of O & O are admitted to practice before this Court; the Court being satisfied that O & O represents no interest adverse to the Debtor and its estate as to the matters upon which it is to be engaged, is disinterested under 11 U.S.C. §101(14), and that the employment of O & O is necessary and in the best interest of the Debtor and its estate; due notice of the Application having been given to the United States Trustee, and it appearing that no other or further notice need be given; sufficient cause appearing therefore, it is

ORDERED, that the Application is granted to the extent set forth herein; and it is further

ORDERED, that pursuant to 11 U.S.C. § 327(a) of the Bankruptcy Code, the Debtor is authorized to employ O & O as its attorneys as of August 1, 2022, under the terms and conditionsset forth in the Application; and it is further

ORDERED, that pursuant to 11 U.S.C. §327(a), O & O shall seek compensation for legal services upon the application to the Court, and upon notice and a hearing pursuant to 11 U.S.C.

§§ 330 and 331 and Bankruptcy Rule 2014 and E.D.N.Y.L.B.R.2014-1 and the Guidelines of the Office of the United States Trustee; and it is further

ORDERED, that prior to any increases in O & O rates for any individual retained by O & O and providing services in this case, O & O shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee and any official committee. The supplemental affidavit shall explain the bases for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether O & O's client has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code.

Dated:            , 2022
Brooklyn, New York

_____
Elizabeth S. Stong
U.S. Bankruptcy Court