**Fill in this information to identify the case:**

Debtor Name  Baoburg, Inc.

United States Bankruptcy Court for the: Eastern         District of  New York
                                                                  (State)

Case number:  22-41860-ESS

☐ Check if this is an amended filing

Official Form 425A

# Plan of Reorganization for Small Business Under Chapter 11    02/20

Baoburg Inc.'s Plan of Reorganization dated October 31, 2022:

### Background for Cases Filed Under Subchapter V

#### A. Description and History of the Debtor's Business

The Debtor is a limited liability company owned by Suchanan Aksornnan that operates a restaurant in Brooklyn, New York.  It began operating in or about 2016 and continues to operate and remain in business.  The Debtor's bankruptcy filing was caused by the loss of income it sustained during the COVID-19 business shut-down and the costs of defending two lawsuits brought against the Debtor.

#### B. Liquidation Analysis

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as Exhibit A. Because the Debtor's assets consist primarily of the contents of its restaurant, the Debtor does not believe that unsecured creditors would received any distribution if the business was liquidated.

#### C. Ability to make future plan payments and operate without further reorganization

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business. Attached hereto as Exhibit B is a 36 month projection of the net income the Debtor expects to receive over that period.  The Debtor's sales revenue fluctuates during the seasons and the projections reflect this fluctuation in revenue.  The Debtor has not made a significant profit for quite some time.  However, it has implemented cost-saving changes to its operations to ensure it can meet its projections and commitment under the plan.

The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of $$30,960.00. The final Plan payment is expected to be paid on or before December 31, 2025.  Attached as Exhibit C is a schedule of payments.

**You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

Debtor Name _____    Case number _____

# Article 1: Summary

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of Baoburg, Inc. (the *Debtor*) from cash flow from operations.

This Plan provides for:

> ☐ two classes of priority claims;
> ☐ no classes of secured claims;
> ☐ and one class of unsecured claims;
> ☐ and one class of shareholders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately two cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

# Article 2: Classification of Claims and Interests

| | | |
|---|---|---|
| 2.01 | **Class 1**. | All allowed claims entitled to priority under § 507(a) of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)). |
| | | Class 1 shall consist of the priority Claim of the NYC Dept. of Finance _____ |
| 2.02 | **Class 2**................................ | Class 2 consists of the priority claim of the Internal Revenue Service. |
| 2.03 | **Class 3**................................ | All non-priority unsecured claims allowed under § 502 of the Code. [ |
| 2.04 | **Class 4**................................ | Equity interests of the Debtor. |

# Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

| | | |
|---|---|---|
| 3.01 | **Unclassified claims** | Under section § 1123(a)(1), administrative expense claims and priority tax claims are not in classes. |
| 3.02 | **Administrative expense claims** | Each holder of an administrative expense claim allowed under § 503 of the Code, lowed under § 502(f) of the Code,] will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. |

Debtor Name _____    Case number _____

Code].

[Note: the second provision is appropriate only in a subchapter V plan that is confirmed non-consensually under section 1191(b).]

| | | |
|---|---|---|
| 3.03 | **Priority tax claims** | Each holder of a priority tax claim will be paid [Specify terms of treatment consistent with § 1129(a)(9)(C) of the Code]. |
| 3.04 | **Statutory fees** | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date. |
| 3.05 | **Prospective quarterly fees** | All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. |

### Article 4: Treatment of Claims and Interests Under the Plan

4.01 **Claims and interests shall be treated as follows under this Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - **Priority claims** excluding those in Article 3 | ❏ Impaired<br>❏ Unimpaired | [Insert treatment of priority claims in this Class, including the form, amount and timing of distribution, if any.<br>For example: "Class 1 is unimpaired by this Plan, and each holder of a Class 1 Priority Claim will be paid in full, in cash, upon the later of the effective date of this Plan, or the date on which such claim is allowed by a final non-appealable order. Except: _____."]<br>[Add classes of priority claims if applicable] |
| Class 2 – **Secured claim** of [*Insert name of secured creditor*.] | ❏ Impaired<br>❏ Unimpaired | [Insert treatment of secured claim in this Class, including the form, amount and timing of distribution, if any.]<br>[Add classes of secured claims if applicable] |
| Class 3 – **Non-priority unsecured creditors** | ❏ Impaired<br>❏ Unimpaired | [Insert treatment of unsecured creditors in this Class, including the form, amount and timing of distribution, if any.]<br>[Add administrative convenience class if applicable] |
| Class 4 - **Equity security holders of the Debtor** | ❏ Impaired<br>❏ Unimpaired | [Insert treatment of equity security holders in this Class, including the form, amount and timing of distribution, if any.] |

### Article 5: Allowance and Disallowance of Claims

| | | |
|---|---|---|
| 5.01 | **Disputed claim** | A *disputed claim* is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either:<br>(i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or<br>(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated. |
| 5.02 | **Delay of distribution on a disputed claim** | No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order. |
| 5.03 | **Settlement of disputed claims** | The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure. |

### Article 6: Provisions for Executory Contracts and Unexpired Leases

Debtor Name _____    Case number _____

| | | |
|---|---|---|
| 6.01 | **Assumed executory contracts and unexpired leases** | (a) The Debtor assumes the following executory contracts and unexpired leases as of the effective date:<br><br>1. Commercial Lease with George Majewski<br><br>2. Insurance Premium Finance Agreement with Am Trust Insurance Co. |
| | | (b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.<br><br>A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan. |

### Article 7: Means for Implementation of the Plan

The plan will be funded from the revenue generated by the Debtor through its operations.  The Debtor will retain its interest in its property and continue to operate the business as the reorganized debtor.  The Debtor will maintain operations through the life of the plan.  The Debtor will continue to be managed by Suchanan Aksornan.

### Article 8: General Provisions

| | | |
|---|---|---|
| 8.01 | **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan. |
| 8.02 | **Effective date** | The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated. |
| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | **Binding effect** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |

Debtor Name _____    Case number _____

| | | |
|---|---|---|
| [8.06] | **Controlling effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of New York govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan. |
| [8.07] | **Corporate governance** | Suchanan Aksornnan shall continue to serve as the sole director and president of the Debtor. |
| [8.08] | **Retention of Jurisdiction** | The bankruptcy court shall retain jurisdiction after the effective date of the plan. |

### Article 9: Discharge

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

> (i) imposed by this Plan; or
> (ii) to the extent provided in § 1141(d)(6).

If the Debtor's Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

> (i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192; or
> (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

### Article 10: Other Provisions

[Insert other provisions, as applicable.] None.

Respectfully submitted,

✗  s/Suchanan Arksornnan                        Suchanan Arksornnan
[Signature of the Plan Proponent]                [Printed Name]

✗  s/Norma E. Ortiz                             Norma E. Ortiz
[Signature of the Attorney for the Plan Proponent]    [Printed Name]

Exhibit A

# Liquidation Analysis for Baoburg Inc.

**Assets**:

| | |
|---|---|
| Cash on Hand | $100.00 |
| Cash in Bank Account | $4,932.00 |
| Inventory of Liquor and Food | $5,000.00 |
| Office furniture and fixtures | $4,512.00 |
| Office and computer equipment | $1,325.00 |
| Machinery, Furniture, and Kitchen Equipment | $7,874.00 |
| <u>Total</u>: | **$23,743.00** |

**Less:**

<u>Cost of Liquidation</u>:

| | |
|---|---|
| Estimated Cost of Chapter 7 Trustee Commissions and Expenses | -$5,000.00 |
| Estimated Professional Fees from Chapter 11 Case: | -$17,500.00 |
| Priority Claim of Taxing Authorities: | -$45,148.63 |
| Net available to Creditors: | **-$43,905.63** |

| | |
|---|---|
| Funds available for unsecured creditors in Class 4 in a Chapter 7 liquidation: | None |
| Amount paid under the plan: | 2-3% |

Exhibit B

Projected Disposable Income

| Month | Income |
|---:|---:|
| Nov-22 | $ 463 |
| Dec-22 | $ 463 |
| Jan-23 | $ 525 |
| Feb-23 | $ 525 |
| Mar-23 | $ 463 |
| Apr-23 | $ 1,401 |
| May-23 | $ 2,339 |
| Jun-23 | $ 2,339 |
| Jul-23 | $ 838 |
| Aug-23 | $ 363 |
| Sep-23 | $ 363 |
| Oct-23 | $ 1,301 |
| Nov-23 | $ 363 |
| Dec-23 | $ 363 |
| Jan-24 | $ 425 |
| Feb-24 | $ 425 |
| Mar-24 | $ 363 |
| Apr-24 | $ 1,301 |
| May-24 | $ 2,239 |
| Jun-24 | $ 2,239 |
| Jul-24 | $ 738 |
| Aug-24 | $ 263 |
| Sep-24 | $ 263 |
| Oct-24 | $ 1,201 |
| Nov-24 | $ 263 |
| Dec-24 | $ 263 |
| Jan-25 | $ 325 |
| Feb-25 | $ 325 |
| Mar-25 | $ 263 |
| Apr-25 | $ 1,201 |
| May-25 | $ 2,139 |
| Jun-25 | $ 2,139 |
| Jul-25 | $ 638 |
| Aug-25 | $ 263 |
| Sep-25 | $ 263 |
| Oct-25 | $ 1,201 |

Exhibit C

**Schedule of Plan Payments**

| Period | Payment | Date of Payment |
|---|---|---|
| 1st Quarter 2023 | $2,580 | March 31, 2023 |
| 2nd Quarter 2023 | $2,580 | June 30, 2023 |
| 3rd Quarter 2023 | $2,580 | September 30, 2023 |
| 4th Quarter 2023 | $2,580 | December 31, 2023 |
| 1st Quarter 2024 | $2,580 | March 31, 2023 |
| 2nd Quarter 2024 | $2,580 | June 30, 2023 |
| 3rd Quarter 2024 | $2,580 | September 30, 2023 |
| 4th Quarter 2024 | $2,580 | December 31, 2023 |
| 1st Quarter 2025 | $2,580 | March 31, 2023 |
| 2nd Quarter 2025 | $2,580 | June 30, 2023 |
| 3rd Quarter 2025 | $2,580 | September 30, 2023 |
| 4th Quarter 2025 | $2,580 | December 31, 2023 |